Good morning, your honors, and may it please the court. Good morning. My name is Rob Webster, and I'm a student at the Chapman University School of Law, acting as pro bono appointed counsel for the petitioner, Mr. Wu. I'm appearing today under the guidances of Professors Afraziabi and Penfield. Your honors, at this point I would like to reserve two minutes for rebuttal, and I'll be sure to keep an eye on the clock. You may do so, counsel. Thank you. Your honors, this court should reverse the decision of the BIA for one primary reason, and that is that Mr. Wu's plea of guilty to 18 U.S.C. section 2318 does not constitute a crime involving moral turpitude. Your honors, it's important to note that this court held in Goldstein that a crime that involves no element of fraud is not made a crime involving moral turpitude by the mere fact that the violator knew of the illegality. Moreover, later in that decision, this court found that an attempt to defraud must be, quote, an essential element of the conviction if the conduct is to be deemed one involving moral turpitude. Your honors, the plain language of section 2318 requires only knowledge of trafficking and counterfeit goods, but contains no languages to this intent to defraud. Your honors, in fact, the government concedes as much in their brief. On pages 18 and 19, the government holds that an individual convicted for violating section 2318 may not necessarily be defrauding consumers or the government, and that our argument takes the focus away from what they call the relevant inquiry, whether the offense implicitly involves the intent of the fraud. What about the government's 28-J letter that we just got? Your honors, I just read that this morning, and taking the government at its word, that would preclude our aggravated felony argument, which would be the second issue. However, the important inquiry here, I would submit, is whether or not this is a crime which involves moral turpitude. And your honors, the government relies heavily in the brief on two particular cases, Weinstock v. INS and Dalbillo-Figueroa v. INS. Your honors, in Weinstock, the petitioner was convicted for passing counterfeited immigration documents, whereas in Figueroa, the petitioner was convicted for passing counterfeit currencies. In both these cases, your honor, the instruments at issue are only valuable if the person receiving them, rather, believed that they were, in fact, real. Certainly, these two cases were decided correctly. However, by contrast, there is no similar intent to pass off to consumers as genuine within section 2318. Counsel, I want to go back and follow up on Judge Poscanlon's question. If the government's 28J letter correctly pulls the rug out from under your argument about aggravated felony, doesn't that end the inquiry? Isn't that a separate and independent ground for the BIA's conclusion? In other words, does it matter if you're right or wrong on moral turpitude if you're wrong on aggravated felony? Yes, your honor, it does matter because the crime involving moral turpitude made this a deportable offense. If the BIA determined that this was not an aggravated felony, that would make him eligible for a waiver of removability. However, if the government is correct and this precludes our aggravated felony argument, the important inquiry still here is whether or not this is a crime involving moral turpitude, which makes this a deportable offense at all, your honors. And to go back and contrast these two, Weinstock and Figueroa, by contrast in our case, an individual can be convicted under section 2318 even though the purchaser of the products at issue, in fact, knew of the counterfeit or illicit nature of the item. And therefore, the government's reliance on these two cases is inapposite. Your honors, it's also important to note that the sister statutes and actually a previous version of section 2318 specifically address counterfeiting with an intent to defraud. 18 U.S.C. 1029 and 1030 criminalizes trafficking and counterfeit devices where it is done, quote, knowingly and with an intent to defraud. While a previous version of section 2318 contained the phrase, quote, whoever knowingly and with fraudulent intent, unquote. Once again, 18 U.S.C. 2320 criminalizes trafficking and counterfeit materials where the aim is, quote, to deceive. Your honors, Congress could have easily included a similar provision within section 2318, but chose not to. To then say that fraud is somehow woven back into the statute or implicit, I believe fundamentally misreads section 2318 and its legislative history. Furthermore, your honors, because there is no record of the facts or conduct underlying Mr. Wu's conviction, including which portion of section 2318 Mr. Wu was convicted of violating or the plea agreement that outlined what exactly he did to justify that plea, the record also lacks a basis, rather, to conclude that Mr. Wu's conviction included this requisite intent to defraud. Therefore, your honors, if this court decides not to reverse, it should at a minimum remand so that the proper record materials could be placed before the IJ, who can then determine whether Mr. Wu's conviction encompasses this intent to defraud element needed to satisfy the moral turpitude standard. Counsel, what about Navarro-Lopez, which, of course, deals with a specific intent to defraud? Is there anything in that case which points one way or another in terms of your fraudulent argument? If I remember correctly, your honor, Navarro-Lopez said that the conduct must be base, vile, or depraved. I apologize. I don't know the exact facts of Navarro-Lopez. But certainly this would not be a crime which is base, vile, or depraved. And the government concedes as much in their brief focusing on this implicit intent to defraud as opposed to being depraved or contrary to accepted moral standards. Well, the language of the case is we consider whether the statute meets either of two conditions, that the intentional fraud is an element of the offense, which is not here, or that the nature of the crime is inherently fraudulent. Why isn't it inherently fraudulent to pass off fake labels? Well, your honor, I believe it's important to point out that Mr. Wu here was convicted of knowingly trafficking in counterfeit goods. And he could do so without having an intent to defraud anybody. For instance, music, your honors, he could know that these were counterfeit or illicit labels. However, the person receiving them may well believe that, or know rather, that they are in fact counterfeit or illicit, but may just not care. So they're defrauding the original seller, not each other, but somebody's being defrauded. Well, your honor, I believe the important inquiry is to look at the crime itself, knowingly trafficking. Was he intending to defraud anybody when he was knowingly trafficking in these? He has a copyright holder. Well, your honor, I would maintain that the intent to defraud must be the person on the receiving end of the materials, whether it be the- Where do we get that concept? Your honor, I would point the court to the decisions in Weinstock and Albilo-Figueroa v. INS. Well, the government cites Weinstock. Yes, your honor, I believe it actually hurts the government's case, whereas in Weinstock they were convicted for passing counterfeited immigration documents. And there the counterfeit immigration documents are only valuable if the person who is receiving them in fact believes that they are real. In this case, the person receiving these counterfeit or illicit labels could know in fact that they were counterfeit or illicit, but still receive them nevertheless, and therefore we believe that there is this- Well, that's a little bit like saying that if you're selling stolen property to someone who knows that they're buying stolen property, it doesn't really relate too much to theft because, you know, both the buyer and the seller know that it's stolen. But the person stolen from originally is still stolen from. And in a sense, that's what's happening here. The counterfeiting is stealing from the copyright holder. Your honor, I believe I would respectfully disagree from the point of emphasis as looking at the person who had this label in the first place and just focusing on the crime that he was convicted of himself, whether this be, in this case, knowingly trafficking. Was he intending to defraud anybody while he was knowingly trafficking in these? Counsel, you're down to less than one minute. I would like to reserve. Thank you, your honor. We'll hear from the government. Good morning, your honors. May it please the court. Kristen Edison on behalf of the attorney general. I first wanted to apologize for failing to discover that error in my brief in filing the letter and for any inconvenience the court may have had in receiving the letter yesterday. Okay. Conviction under 8 U.S.C. Section 2318 is categorically a crime involving moral turpitude under the analysis of Weinstock and Goldstein. As your honor pointed out, recently recognized in Navarro-Lopez, this court has held that a crime can involve either an intent to defraud or fraud may be implicit in the nature of this crime. And the latter case is the situation here. I'd just like to point out that in response to petitioner's argument, Goldstein didn't hold that a petitioner had to obtain something from the government or for one's own benefit in order to establish that fraud was inherent in a particular crime. Counsel takes the position that your citation to Weinstock actually hurts the government's position and helps his. What's your response? I disagree with petitioner's reading of that case. That case, again, involved dealing in counterfeit obligations. There, the court compared the statute of conviction to another statute that the court had found was one involving moral turpitude and held that it could not distinguish between an intent to defraud and an intent to pass off as genuine something that was, in fact, valueless. And that is the same situation here based on the plain meaning of counterfeit and traffic. Counterfeit label is a label that appears to be genuine but is not. And traffic, similarly, a means to transport or transfer to someone else. So the reasoning in Weinstock clearly controls here. I think I just wanted to point out, I believe that petitioner's counsel, I think, was mixing up Weinstock and Flores. Flores was the board case that involved the, that involved selling counterfeit alien registration papers. And that also supports, the board relied on that decision here and that also was reasonable. Absent any questions from the court, happy to conclude to conserve the court's time. No questions, counsel. Thank you. The government asks that the court deny the petition for review. Thank you, counsel. Mr. Webster, you still have less than a minute. Thank you, Your Honors. The court compared copyright infringement to theft. But theft does not equal a crime involving moral turpitude and does not equal fraud. Moreover, there is no intent requirement in copyright infringement. Because copyright is a strict liability offense that does not address intent. Therefore, intent cannot equal or does not equal, in this case, fraud. Unless the court has any questions, we'll submit. No questions, counsel. The case just argued will be submitted for decision. The court would like to commend Professor Ashabi and Mr. Webster and the entire Chapman University Law School team for taking on this case and handling it so well. Thank you very much. We will now hear argument in United States v. Pilgrim.
judges: O'scannlain, Graber, Gibson